[Cuyahoga County Circuit Court, October Term, 1894.]

Baldwin, Caldwell and Hale, JJ.

DAVID KRINKE ET AL. v. G. W. PARISH.

EXECUTION—DISSOLUTION OF RESTRAINING ORDER AGAINST ENFORCING.

> In this case, which was a suit in injunction against enforcing an execution issued upon a dormant judgment, it was not error to overrule a motion to dissolve a restraining order granted therein.

BALDWIN, J.

This is a petition in error to reverse a refusal of the court of common pleas to dissolve a restraining order in a suit for an injunction. There is no bill of exceptions, nor does the certificate of journal entry show upon what the motion was heard. It was claimed in the motion that the petition was insufficient as not stating a cause of action.

The petition set forth (stated briefly) that the defendant, Krinke, had caused to be issued on a dormant judgment against Parish an execution to the defendant, Ryan, sheriff, which had been levied on the homestead of Parish, which was advertised and threatened to be sold thereunder, eighth of June, 1894, the suit being brought on the fifth of the same month. A restraining order was allowed. A motion to dissolve this was filed on the seventh of June, which was heard on the twenty-second of June, 1894 (fourteen days after the day for sale), and the court of common pleas refused to dissolve the restraining order.

The case is not yet heard, but it is claimed the court erred in its decision, because there was ample remedy at law by a motion to have the execution recalled. *Green* v. *Cartright,* Wright's Reports, 738; *Sample* v. *Adm'r of Ross,* 16 O. St., 419; *Miller* v. *Longacre,* 26 O. St., 296.

There is no doubt that on motion the court may recall an execution improperly issued, but it does not follow that the court erred in this case.

A suit in injunction may also be sometimes sustained for similar relief. In fact under the claim that execution was erroneously issued, suit in injunction has been maintained in *Miller* v. *Longacre,* 26 O. St., 291; and indeed in that case the judgment of the court below was reversed because it *refused the injunction and* "*erred in dismissing the petition.*"

In this case the petition was filed three days before the sale—late for the remedy by motion, and it does not state why remedy was so late sought; it does not state that the demand for the homestead was made and refused.

In the case just cited of *Miller* v. *Longacre,* 26 O. St., 291, the court said as to the remedy by motion that "mode of procedure would doubtless have been the more appropriate; but if it had been resorted to, it is most likely a restraining order would have been required to stay proceedings under the execution until the motion could have been acted upon by the court. Jurisdiction in equity has been maintained to enjoin the enforcement by execution of a judgment which had been paid, notwithstanding the right of the complainant to proceed by motion in the court issuing the execution." See also *Darst* v. *Phillips,* 41 O. St., 514.

The question before us is solely whether the court erred in refusing to set aside the restraining order. The case is still pending, and as seen in 26 O. St., may result in a decree for the plaintiff, and as there said, if the remedy had been sought by motion, a restraining order would have been proper.

The allowance of a restraining order has a wider range of discretion than a final decree. We think the court did not err in refusing the motion, and the judgment of the court of common pleas is affirmed.

*Smith & Blake,* for Plaintiff in Error.

*Thomas Robinson,* for Defendant in Error.